# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE DISTRICT OF SOUTH CAROLINA
### CHARLESTON DIVISION

| | | |
|---|---|---|
| Emory W. Roberts, Jr., | ) | Case No. 2:17-cv-453-RMG-MGB |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Sheriff Dwayne Lewis, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Emory W. Roberts, Jr. ("Petitioner") has filed a habeas petition pursuant to 28 U.S.C. §
2254. (DE# 1). He is proceeding *pro se* and *in forma pauperis*. At the time of filing, Petitioner
was a pretrial detainee at the Hill Finklea Detention Center located in Moncks Corner, South
Carolina. Plaintiff alleges he had been held in custody for many months on state drug and
firearm charges, but has not been indicted or given a preliminary hearing, has not been appointed
any counsel, and has not had a bond hearing. A state public records check did not reflect any
information about any pending charges, therefore in an abundance of caution, service of process
was issued. The parties filed cross-motions for summary judgment. (DE# 14, 46). The petition
and motions are fully briefed and ripe for review.[1] Pursuant to 28 U.S.C. §636(b)(1) and Local
Rule 73.02(B)(2) (D.S.C.), the United States Magistrate Judge is authorized to submit findings
and recommendations to the United States District Judge. Having carefully reviewed the record,
the Magistrate Judge recommends that Respondent's Motion for Summary Judgment (DE# 14)

---

[1] The *pro se* Petitioner also filed numerous hand-written briefs and other documents, including various sur-replies.
(DE# 5, 8, 18-22, 25-33, 43, 36-42, 44-45, 49).The Federal Rules of Civil Procedure envision only a motion,
response, and reply. Sur-replies are ordinarily not appropriate and may only be filed with court permission, which
the Petitioner has failed to request. *See Chestnut v. Comstock,* Case No. 1:14–cv–2222–RBH, 2015 WL 3966427, *4
n.5 (D.S.C. June 29, 2015) ("Neither the Federal Rules of Civil Procedure nor the Local Rules of the United States
District Court for the District of South Carolina provide for a surreply."). In any event, the Magistrate Judge has
considered the Petitioner's extra filings in this instance.

be **granted**; that Petitioner's Motion for Summary Judgment (DE# 46) be **denied**; and that the Petition (DE# 1) be **dismissed**, without prejudice, for the following reasons:

## I. <u>Background and Allegations</u>

On January 19, 2017, Petitioner filed a civil action against twelve defendants pursuant to 42 U.S.C. § 1983, seeking release from pretrial detention. See Case No. 2:17-cv-177-RMG-MGB, *Roberts v. Sheriff Lewis*, *et al*. Such case was summarily dismissed on March 24, 2017. (*Id*., DE# 28, Order of March 24, 2017). On or about February 15, 2017, Petitioner then filed the present habeas petition, again complaining about his pretrial detention and seeking release. Petitioner provided a copy of an arrest warrant (DE# 8-1), and alleged he was being held without being indicted, without a bond hearing, and without being appointed any counsel.

The Respondent has provided state records making it abundantly clear that the Petitioner's allegations are wholly inaccurate. The Respondent's exhibits include: Arrest Warrants, Indictments, Order Appointing Counsel (dated May 18, 2016 and November 21, 2016), Motion for Mental or Competency Exam, Order for Mental or Competency Evaluation, Order of Setting Bond, Motion for Bond Reconsideration, and N.C.I.C. Rap Sheet. (DE# 15, attached exhibits).[2]

According to the state records provided by Respondent, Petitioner's arrest warrant for Trafficking in Heroin more than 4 grams but less than 14 grams was issued on January 20, 2016 and served on Petitioner on February 8, 2016. Petitioner's arrest warrant for Trafficking in Heroin greater than 28 grams was issued on February 9, 2016 and served on Petitioner on

---

[2] Respondent indicates that Petitioner has a lengthy prior criminal record. (DE#15 at 2-3; DE# 25 at 3). He was previously convicted in New York for: "Menacing 2nd Degree, Weapon;" "Petit Larceny;" "Attempted Petit Larceny;" "Assault 3rd Degree, with Intent to Cause Physical Injury;" "Trespass;" "Criminal Possession of a Controlled Supbstance-5th, Intent to Sell;" "Criminal Possession of a Weapon-3rd;" "Aggravated Harrassment-2nd;" "Criminal Mischief-Intent to Damage Property;" "Assault 3rd Degree with Intent to Cause Physical Injury;" "Criminal Contempt;" "Aggravated Criminal Contempt/Violation of Order of Protection-Cause Physical Injury;"

February 9, 2016. The Affiant was Special Agent Justin Wingo (South Carolina Law Enforcement Division, or "S.L.E.D."). Petitioner's initial appearance and bond hearing was on February 9, 2016 before Judge Clifton Newman. (DE#15 at 2-3; DE# 25 at 2). Petitioner's bond was set at $250,000 surety bond (10%) on May 4, 2016. (DE# 49 at 4). Petitioner was unable to make bond. (*Id.*). The state court denied Plaintiff's motion for reconsideration. (*Id.*).

Respondent indicates that Petitioner was indicted by the South Carolina State Grand Jury for Trafficking in Heroin greater than four (4) grams but less than fourteen (14) grams on April 13, 2016. (See Indictment No. 2016-GS-47-03). Petitioner was also indicted for Trafficking in Heroin twenty-eight (28) grams or more, Distribution of Heroin, Distribution of Heroin, Distribution of Heroin, Trafficking in Heroin fourteen (14) grams of heroin but less than twenty-eight (28) grams, Possession of a Firearm During commission of or Attempt to Commit a Violent Crime, and Possession with Intent to Distribute Methamphetamine (Indictment No. 2016-GS-47-02, Counts 1, 11-16, charging violation of S.C. Code 53-370(e)(3)(a)(1)). (See DE#15 at 2-3; and DE# 15-2, copy of Indictment).

Petitioner acknowledges that he was represented by legal counsel Jeremy MacNeally, Esq. in March of 2016. (DE# 46). Respondent indicates that the state court subsequently appointed Eleanor Cleary, Esq. as counsel for Petitioner. She was relieved as counsel on November 18, 2016 due to a change of venue, and the state court then appointed Timothy Griffith, Esq. as counsel for Petitioner on November 21, 2016. (DE# 15 at 2; DE# 25). On January 26, 2017, defense counsel moved for a mental competency evaluation of Petitioner, and the state court granted the motion on February 16, 2017. In sum, the record establishes that the Petitioner was arrested pursuant to several arrest warrants, was indicted on multiple drug and

---

"Criminal Contempt-2nd Degree;" "Criminal Trespass-3rd Degree;" "Criminal Trespass 3rd-Property Fenced or Enclosed."

firearm charges, received a bond hearing, was appointed legal counsel (several times), and was mentally evaluated upon motion by counsel.

State records also show that Petitioner has now: 1) received a jury trial in state court; 2) been convicted on all counts, including trafficking in heroin; and 3) been sentenced to twenty-five (25) years imprisonment. (DE# 49-2, copy of Verdict). Petitioner is presently incarcerated in state custody at Kirkland Reception and Evaluation Center in South Carolina. (DE# 50, Notice of Change of Address).

## II. Relevant Law

### A. Liberal Construction of *Pro se* Pleadings

*Pro se* pleadings are liberally construed and held to a less stringent standard than formal pleadings drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, "[t]he 'special judicial solicitude' with which a district court should view ... *pro se* filings does not transform the court into an advocate." *United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012), *cert. denied*, 133 S.Ct. 2401 (2013). Only those questions which are squarely presented to a court may properly be addressed. *Weller v. Dept. of Soc. Servs., City of Baltimore.*, 901 F.2d 387, 391 (4th Cir. 1990). Giving "liberal construction" does not mean that a court can ignore a prisoner's clear failure to allege facts that set forth a cognizable claim. "Principles requiring generous construction of *pro se* complaints ... [do] not require ... courts to conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986).

### B. Standard of Review for Section 2254

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case pursuant to the Rules Governing § 2254 Cases, 28 U.S.C. § 2254; the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No.

104-132, 110 Stat. 1214; and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (en banc); *and Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

Section 2254(d) provides that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Under Rule 4 of the Rules Governing Section 2254 Cases, a district court may summarily dismiss a habeas petition if it is plainly apparent from the record that the petitioner is not entitled to any relief. See also Rule 1(b) (applying the rules pertaining to § 2254 proceedings to habeas petitions brought pursuant to § 2241). Here, Petitioner initially alleged that he was being detained without indictment or preliminary hearing. Upon briefing, it is abundantly clear that the Petition is factually baseless and should be dismissed. Petitioner was lawfully detained prior to trial and now stands convicted. He is not entitled to "release from pretrial detention." To the extent he has filed additional briefs that appear to challenge the validity of his conviction, Petitioner has not yet pursued available state court remedies, such as direct appeal and/or post-conviction remedies.

## III.  Discussion

### A.  Petitioner's Challenge to his Pretrial Detention

Although Petitioner has labeled his petition as one brought under 28 U.S.C. § 2254, his petition does not challenge his state conviction, but rather, his pretrial detention. This suggests he may be seeking to proceed under 28 U.S.C. § 2241(c)(3), which provides that a writ of habeas corpus may be granted to a prisoner "in custody in violation of the Constitution or laws or treaties of the United States." *See e.g., Hao Qing Zhan v. Wilson*, Case No. 8:12-cv-3052-RBH-JDA, 2013 WL 4500055 (D.S.C. Aug. 19, 2013) ("the general grant of habeas authority in § 2241 is available for challenges by a state prisoner who is not in custody pursuant to a state court judgment - for example, a defendant in pre-trial detention... [i]n these situations, not covered by the limitations in § 2254, the general grant of habeas authority provided by the Constitution and § 2241 will provide jurisdiction for state prisoners' habeas claims").[3] Respondent has correctly noted that this appears to be § 2241 petition. (DE# 25 at 4). Regardless of how characterized, the petition is factually baseless and subject to dismissal. "Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audit querela ..., the name makes no difference. It is substance that controls." *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004). Regardless of how construed, Petitioner's challenge to his pretrial detention is meritless.

In his Petition, the Petitioner seeks release from state custody because he was purportedly 1) never served with an arrest warrant; 2) not arraigned; 3) not indicted by a grand jury; 4) did not have a bond hearing; 5) was not appointed counsel; 6) was denied habeas corpus by the state courts; and 7) is being denied his right to a speedy and public trial. (DE# 1). Petitioner

---

[3] A § 2241 petition is generally brought as a post-conviction challenge to the execution of a federal sentence, parole decision, calculation of good time credits, or prison disciplinary action. *Boyd v. South Carolina*, Case No. 1:11–2981–TMC, 2012 WL 786356, *1 (D.S.C. Mar. 9, 2012); *Clemmons v. South Carolina*, Case No. 0:08–cv–607–RBH, 2008 WL 2845636, *1 (D.S.C. July 18, 2008)). Where a prisoner is incarcerated on a state conviction, a petition pursuant to 28 U.S.C. § 2254 is typically brought as a post-conviction challenge to the validity of the state conviction or sentence. *In re Wright*, 826 F.3d 774, 778 (4th Cir. 2016) (explaining that § 2254 "mandates that district courts entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court"). Here, the Petition challenges Petitioner's pretrial detention. At the time of filing, Petitioner had not been convicted of the pending charges.

characterizes all of this as a denial of his due process rights. The record reflects that none of these factual allegations are accurate.

Petitioner makes various contradictory allegations. He alleges he was "illegally seized" but acknowledges that officers arrested him pursuant to a warrant. (DE# 1; DE# 19 at 1). He alleges that the arrest warrant was "fictitious" or that there was no search warrant. (DE# 8; DE# 19 at 2). Respondent has provided a copy of the search warrant. (DE# 26-2). Petitioner complains that he was being held "without bond" and did not have a bond hearing, but inconsistently alleges that his bond was excessive. (DE# 1 at 3; DE# 19 at 4).[4] Petitioner alleges he was not appointed counsel but also refers to counsel being ineffective. (DE# 19 at 3). The record reflects that Petitioner did in fact have a bond hearing and appointed legal counsel in the state criminal case. Although Petitioner contends that he has allegedly "been denied the privilege of the writ of habeas corpus by the Berkeley County Circuit Court," state records do not reflect any such decisions. (DE# 19 at 3-4). Petitioner alleges he was never arraigned, but then admits he was arraigned before Judge Newman, the presiding judge in the State Grand Jury prosecution. (DE# 49 at 8). Respondent points out that Judge Newman had statewide authority in such matter.

Respondent has ably demonstrated that Petitioner's factual allegations are inaccurate. Respondent has provided documents completely refuting Petitioner's numerous mis-statements of fact. For example, although Petitioner claims he is being held without being indicted, the Respondent has furnished records of several Indictments. (See e.g., DE# 15-2, copy of Indictment No. 2016-GS-47-02; DE# 49 at 6). As already discussed, Respondent has also provided state records indicating that Petitioner was arraigned, provided with appointed legal counsel, and given a bond hearing. Petitioner's challenge to his pretrial detention is factually

---

[4] See Vinelink.com. Site checked March 6, 2017. Petitioner's offender ID No. is 2016003071.

baseless. As Petitioner has now been convicted on all charges in state court, his challenge to his pretrial detention is also essentially moot.

**B. <u>Petitioner May Not Interfere with State Prosecution</u>**

Petitioner may not interfere with his state prosecution by filing false allegations in federal court. At the time of filing, Petitioner was awaiting trial on state drug trafficking charges and was essentially asking this Court to interfere with his state prosecution. The United States Supreme Court has repeatedly recognized the "fundamental policy against federal interference with state criminal prosecutions." *Younger v. Harris*, 401 U.S. 37, 44 (1971) (holding that petitioner was not entitled to "relief against prosecution in state court where the injury which he faced was solely that incidental to every criminal proceeding brought lawfully and in good faith"); *Middlesex County Ethics Comm. v. Garden State Bar Assoc.*, 457 U.S. 423, 431 (1982) (reiterating that federal courts should abstain from interfering with such ongoing state proceedings); *Kolski v. Watkins*, 544 F.2d 762, 766 (5th Cir. 1977) ("[p]etitioner must satisfy the *Younger* abstention hurdles before [a court] may give habeas relief").

The United States Supreme Court has emphasized that *Younger* and "its progeny espouse a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." *Middlesex County Ethics Comm.*, 457 U.S. at 431. Petitioner has not alleged any "extraordinary circumstances." Although Petitioner argues that the writ of habeas corpus may not be "suspended unless when, in case of insurrection, rebellion or invasion, the public safety may require it" (DE# 1), this fails to show that Petitioner is entitled to any habeas relief.

Under *Younger*, abstention is appropriate when: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Maryland*

*Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing *Middlesex Cty. Ethics Comm'n*, 457 U.S. at 432). This case meets all three criteria. At the time of filing, state drug trafficking charges were pending against Petitioner, so the first criteria (i.e. an ongoing state prosecution) is satisfied. The United States Supreme Court has addressed the second criteria, explaining that "the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986). As for the third criteria, courts have repeatedly held that "ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights." *Gilliam v. Foster*, 75 F.3d 881, 904 (4th Cir. 1996), *cert. denied*, 517 U.S. 1220 (1996) (quoting *Kugler v. Helfant*, 421 U.S. 117, 124 (1975)). Petitioner has alleged no proper basis for this federal court to interfere in a pending state prosecution.

The United States Supreme Court has observed that "[t]his Court has long recognized that in some circumstances considerations of comity and concerns for the orderly administration of criminal justice require a federal court to forgo the exercise of its habeas corpus power." *Francis v. Henderson*, 425 U.S. 536, 539 (1976); *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (same); *Boumediene v. Bush*, 553 U.S. 723 (2008) (noting "prudential barriers to habeas corpus review" even where "there is no jurisdictional bar"). Petitioner may not misuse the writ of habeas corpus in an attempt to interfere with a pending state prosecution.

In any event, Petitioner has now been convicted in state court and sentenced to prison, and the usual route of direct appeal in the state appellate courts is available to him. *See Stack v. Boyle*, 72 S.Ct. 1, 6 (1951) (holding that federal district courts "should withhold relief in [a] collateral habeas corpus action where an adequate remedy available in the criminal proceeding has not been exhausted."); *Timms v. Johns*, 627 F.3d 525, 531 (4th Cir. 2010), *cert. denied*, 563

U.S. 1029 (2011). The proper procedure is for Petitioner to pursue the normal avenues of appellate and post-conviction review in the state courts. This Petition should be dismissed.

### C. __Additional Arguments in Subsequent Filings by Petitioner__

Petitioner has inappropriately filed numerous briefs (without leave of court) that appear to assert additional claims. Petitioner now appears to be challenging his recent state conviction. For example, he complains about his FOIA request, contends the warrants were "fictitious, and contends he was not properly indicted. (DE#8 at 1; DE# 20 at 1; DE# 28 at 4; DE# 30 at 3; DE# 31 at 3; DE#42 at 6-7).[5] In Petitioner's "Motion for Summary Judgment," he contradicts his earlier contention that he was not indicted and argues that his indictment was invalid because he believes it was not "certified." (DE# 46 at 3-4). He argues that his constitutional rights were violated because he allegedly did not receive a preliminary hearing. (*Id*. at 4-5). As already pointed out, Petitioner has available state remedies in the state courts, such as appellate and post-conviction review.

Section 2254(b)(1)(A) provides, in relevant part, that "an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State." The Fourth Circuit Court of Appeals has repeatedly explained that "state prisoners … must exhaust their state remedies before filing a habeas petition in federal court." *Robinson v. Warden Thomas*, 855 F.3d 278, 283 (4th Cir. April 27, 2017) (affirming dismissal of habeas petition); *Timms*, 627 F.3d at 530–31 ("courts require exhaustion of alternative remedies before a prisoner can seek federal habeas relief"). The purpose of the exhaustion requirement is to "giv[e]

---

[5] Respondent notes that Petitioner served a Freedom of Information Act ("FOIA") request on the Department of Public Safety ("DPS"), and that DPS indicated it had no responsive documents. Respondent aptly points out that DPS did not arrest Petitioner and is not prosecuting Petitioner. (DE# 27). Respondent asserts that the records supplied as exhibits were provided by the State Grand Jury Clerk and/or the prosecutor. (DE# 25). Petitioner's argument that the FOIA response by DPS means that the warrants were "fictitious" is patently frivolous.

the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Jones v. Sussex I State Prison*, 591 F.3d 707, 712 (4th Cir. 2010).

Therefore, to the extent Petitioner is attempting to challenge his recent state conviction, his claims are unexhausted and premature. *See, e.g., Moultrie v. Reynolds*, Case No. 9:15–cv–198-DCN-BM, 2015 WL 5474471, *3 (D.S.C. Sept. 16, 2015) ("Petitioner's federal remedy of a writ of habeas corpus under either 28 U.S.C. § 2241 or § 2254 can only be sought after he has exhausted all of his remedies in the courts of the state of South Carolina.") (citing *Picard v. Connor*, 404 U.S. 270 (1971)); *Corder v. Warden Charleston Cty. Corr'l Center,* Case No. 2: 15-4873-RMG-MGB, 2016 WL 1171513, *1-2 (D.S.C. March 23, 2016) (dismissing petition brought by pretrial detainee as premature and barred by *Younger v. Harris)*.

The United States Supreme Court has pointed out that federal district courts "should withhold relief in [a] collateral habeas corpus action where an adequate remedy available in the criminal proceeding has not been exhausted." *Stack*, 72 S.Ct. at 6; *and see Jackson v. Boone*, Case No. 2:16-cv-2099-MBS-MGB, 2016 WL 4579972 (D.S.C. June 30, 2016), *adopted by*, 2016 WL 4541676 (D.S.C. Aug. 31, 2016) (dismissing premature habeas petition brought by pretrial detainee), *aff'd by*, 2017 WL 922128 (4th Cir. March 8, 2017) (per curiam); *Tyler v. Chavis,* Case No. 9:17-00501-MGL-BM, 2017 WL 1424026, *2 (D.S.C. April 10, 2017) (dismissing premature habeas petition brought by pretrial detainee and holding that "the § 2254 Petition filed in this case should be dismissed because Petitioner has not fully exhausted his state court remedies"), *adopted by*, 2017 WL 1406559 (D.S.C. Apr. 20, 2017). Petitioner makes myriad other arguments that need not be addressed at this time.[6]

---

[6] Although the merits need not be addressed, Petitioner makes various arguments that would fail as a matter of law. He was indicted, and therefore, was not entitled to a preliminary hearing to determine probable cause. "The indictment itself constitutes a finding of probable cause." *State v. McClure*, 277 S.C. 432, 289 S.E.2d 158, 160 (1982); *Law v. S.C. Dept. of Corrections*, 368 S.C. 424, 629 S.E.2d 642, 649 (2006). Petitioner argues that he must be indicted prior to being arrested (DE# 46 at 6), but he miscomprehends the law. Respondent points out that

## IV. Conclusion

Petitioner's challenge to his pretrial detention is factually baseless and subject to dismissal. To the extent Petitioner has inappropriately filed numerous briefs (without leave of court) that attempt to challenge his recent state conviction, Petitioner has not yet pursued available state remedies, such as direct appeal and any state post-conviction procedures. Any challenges to his state conviction are premature at this time.

Accordingly, the Magistrate Judge **RECOMMENDS** that: 1) the Respondent's Motion for Summary Judgment (DE# 14) should be **granted**; 2) Petitioner's Motion for Summary Judgment (DE# 46) should be **denied**; 3) the Petition (DE#1) should be **dismissed**; and 4) given that Petitioner has not pursued available state remedies with respect to his state conviction, the dismissal should be without prejudice.

**IT IS SO RECOMMENDED.**

MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

September 25, 2017
Charleston, South Carolina

Petitioner's attention is directed to the **Important Notice** on following page:

---

officers could lawfully arrest Petitioner when they executed the search warrant for Petitioner's residence on February 8, 2016 and found drugs and weapons, because an officer may make a warrantless arrest where the officer has probable cause to arrest a suspect for committing a felony. (DE# 49 at 7), citing *State v. Retford*, 276 S.C. 657, 281 S.E.2d 411 (1981). The record also reflects that an arrest warrant was issued that same day.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).