IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Emory W. Roberts, Jr., | ) Civil Action No. 2:17-453-RMG |
| Petitioner, | ) |
| v. | ) ORDER AND OPINION |
| Sheriff Dwayne Lewis, | ) |
| Respondent. | ) |

This matter is before the Court on the Report and Recommendation of the Magistrate Judge, recommending that Respondent's motion for summary judgment be granted and that the petition for habeas relief from state-court pretrial detention be dismissed without prejudice (Dkt. No. 54). At the time of the filing of the petition, Petitioner was a pretrial detainee at the Hill Finklea Detention Center in Moncks Corner, South Carolina. He filed the present petition challenging the legality of his detention on several grounds. The petition does not identify a federal statutory basis for relief, but federal courts construe petitions for relief from pretrial detention in state court proceedings under 28 U.S.C. § 2241(c)(3). *Fuller v. Maryland*, 60 F.3d 821, 821 n.1 (4th Cir. 1995) (unpublished). Petitioner, however, has now been tried, convicted, and sentenced. (Dkt. Nos. 49-2, 49-3.) Claims for habeas relief from pretrial detention are mooted by a subsequent conviction and sentence. *Yohey v. Collins*, 985 F.2d 222, 229 (5th Cir. 1993). This Court therefore lacks jurisdiction over the petition and must dismiss on that basis. *See Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 72 (2013) ("If an intervening circumstance deprives the plaintiff of a 'personal stake in the outcome of the lawsuit,' at any point during litigation, the action can no longer proceed and *must* be dismissed as moot" (emphasis added)); *Jackson v. Clements*, 796 F.3d 841, 843 (7th Cir. 2015) (vacating district court's denial of a § 2241 challenge to pretrial

conviction, where petitioner was not a pretrial detainee when the district court ruled, and remanding with instructions to dismiss as moot); *see also Sharma v. Unknown Respondent*, 672 F. App'x 308 (4th Cir. 2017) (citing *Jackson* with approval).

While the Court finds no cause to disagree with Magistrate Judge's conclusion that the petition as "factually baseless," the Court simply cannot rule the merits of the petition. The Court therefore **DECLINES TO ADOPT** the Report and Recommendation of the Magistrate Judge (Dkt. No. 54). The petition for habeas relief (Dkt. No. 1) is **DISMISSED WITHOUT PREJUDICE AS MOOT**.

### Certificate of Appealability

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED**.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Judge

October 20, 2017
Charleston, South Carolina